PAUL J. FISHMAN
United States Attorney
KAREN D. STRINGER
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel. (973) 645-2783
e-mail: Karen.Stringer@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOHEIL ZAERPOUR, | HON. ESTHER SALAS |
| *Plaintiff,* | *Civil Action No.* 13-6073 |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, | |
| *Defendant.* | |

### FEDERAL BUREAU OF INVESITIGATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

PAUL J. FISHMAN
UNITED STATES ATTORNEY
Attorney for Defendant

KAREN D. STRINGER
Assistant United States Attorney

Defendant Federal Bureau of Investigation ("Defendant" or "FBI"), by its attorney, Paul J. Fishman, United States Attorney for the District of New Jersey, respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## **INTRODUCTION**

Plaintiff Soheil Zaerpour ("Plaintiff" or "Zaerpour"), acting *pro se*, brings this action against the FBI, alleging that the agency has violated various constitutional and statutory rights by failing to investigate his claims.[1]   Specifically, Plaintiff alleges that the FBI violated the Equal Protection Clause of the 14th Amendment of the Constitution and that the FBI conspired to interfere with his civil rights as prohibited by 42 U.S.C. § 1985.  Plaintiff seeks damages and an order from the Court directing the FBI to conduct an investigation.  *See* Complaint ("Compl.") [Dkt. 1] p. 7.

Plaintiff's complaint must be dismissed because: (1) Plaintiff has no constitutional right to compel an investigation, and (2) the Court lacks jurisdiction over Plaintiff's federal constitutional and federal statutory claims.  All of Plaintiff's claims derive from his faulty premise that the FBI was obligated to conduct the investigation he requested.  The case law, however, makes clear that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."  *Linda R.S. v. Richard D.*, 410 US 614, 619 (1973); *Rosquist v. Jarrat Const. Corp.,* 570 F. Supp. 1206, 1211 (D.N.J. 1983) ("[t]he federal courts have customarily refused to order prosecution of particular individuals at the instance of private persons.") (internal quotation omitted)

---

[1] Plaintiff has failed to properly serve the FBI, and the Complaint can be dismissed for this reason.  Fed. R. Civ. P. 4(c)(2) requires that a copy of the complaint and summons be served by "[a]ny person who is at least 18 years old and not a party."  Fed.R.Civ.P. 4(i) governs service upon the United States, and states that a party must either deliver a copy of the complaint and summons or "send a copy of each by registered or certified mail" to the United States Attorney's Office (Rule 4(i)(A)(ii)), to the Attorney General (Rule 4(i)(1)(B)), and to the agency (Rule 4(i)(1)(C)).  Here, plaintiff improperly sent a copy of the summons and complaint himself, and did not send it by registered or certified mail.  [Dkt 4]

Moreover, as a litigant asserting claims against the federal government, Plaintiff bears the burden of showing that the United States has waived its sovereign immunity for this type of suit.  Plaintiff, however, has failed to meet this burden.

## STATEMENT OF FACTS

For purposes of considering the FBI's motion to dismiss, all facts are taken in the light most favorable to the Plaintiff.[2] *Worldcom, Inc.. v. Graphnet*, 343 F.3d 651, 653 (3d. Cir. 2003).[3] Plaintiff alleges that the FBI failed to investigate claims regarding manipulation of the foreign exchange market ("FOREX").  Specifically, Plaintiff alleges the following: (1) "illegal surveillance of Plaintiff's online communications" by an unnamed third party or parities; (2) "illegal access to [Plaintiff's foreign exchange] transactions by an unnamed third party or parities; and (3) "manipulation of the global FOREX [foreign exchange market]"  Compl. at 1.  Plaintiff claims that he began trading in the financial markets professionally in 2002, and that the FBI's failure to investigate his claims has resulted in damages in over $10 trillion dollars.  *Id.* at 2.

Plaintiff claims that the FBI has proof of criminal activity in the form of Plaintiff's account statements and "undisputable statistical evidence."  *Id.* at 1 and 5.   In his Complaint, Plaintiff claims that the global market was "doing the opposite of the Plaintiff's actions" and that the chances of that happening without a conspiracy "is like guessing all the lottery numbers correctly and continuously." *Id.* at 1-2.  According to Plaintiff, therefore, there must be some manipulation of the foreign exchange market, known as FOREX.  *Id.* at 6.

Plaintiff alleges that he informed the Southern District Attorney's Office in Manhattan and the FBI in New York in 2005 about this allegedly criminal activity.  *Id.* at 5.  Plaintiff also contacted

---

[2] The United States expressly reserves its right to dispute the facts alleged in the Complaint.

the Inspector General of the U.S. Department of Justice and the Inspection Division of the FBI in Washington D.C. in 2005 by mail and phone.  *Id.*  According to Plaintiff, the FBI in New Jersey received the complaint and Plaintiff's account statements by registered mail in 2012.  Plaintiff states that he "assumes that absolutely nothing has been done to identify or arrest these criminals."  *Id.*

Plaintiff seeks an order compelling the FBI to investigate his claims.  *Id.*  Plaintiff also alleges that his constitutional rights to Equal Protection under the Fourteenth Amendment has been violated and that there has been a conspiracy to interfere with his civil rights under 42 U.S.C. § 1985 as a result of the FBI's failure to investigate his claims of criminal activity.  *Id.* at 6.

Plaintiff does not allege a statutory grounds for the Court's jurisdiction, but merely alleges that the Court has jurisdiction "because the Defendant is a Federal Agency of the United States Government and also because the Plaintiff is a citizen of the United States, Switzerland and Iran."  The FBI disputes this jurisdictional allegation.

As noted in fn. 1, *supra*, Plaintiff has failed to properly serve the United States.

## LEGAL STANDARD

### I.   Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction."  *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  Facial attacks, like this one, contest the sufficiency of the  pleadings,  and, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Id.*

The Plaintiff, as the party who has invoked federal jurisdiction, has the burden of establishing that subject matter exists.  *Horton v. United States*, No. 04-3608, 144 Fed. App'x. 931,

932 (3d Cir. Aug. 8 2005); *Gould Elecs. Inc.*, 220 F.3d at 178; *Mortenson v. First Fed. Sav. & Loan Ass'n.*, 549 F. 2d 884, 891 (3d Cir. 1977).  If the court finds that it lacks subject matter jurisdiction, it must dismiss the action.

## II.  Failure to State a Claim under Rule 12(b)(6)

Should the Court conclude that the Defendant's arguments are more appropriately treated as raising the defense of failure to state a claim upon which relief may be granted, they move for dismissal under Fed. R. Civ. P. 12(b)(6).  "Beginning with the Supreme Court's opinion in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…and culminating [with its] decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-210 (3d Cir. 2009). Thus, to survive a motion to dismiss, a plaintiff must do more than set forth a "formulaic recitation of the elements of a cause of action" – rather, the factual allegations in the complaint " must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 679.  As the Third Circuit has stated:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts.

*Fowler, 578 F.3d* at 210-11 (internal citations omitted).

5

## ARGUMENT

**I.  Plaintiff has No Right to Compel an Investigation By the FBI**

**A.  The Court Lacks Subject Matter Jurisdiction to Compel an Investigation**

Plaintiff's Complaint must be dismissed because Plaintiff has no right to compel an investigation by the FBI.  A court does not have subject matter jurisdiction over a claim against the United States or its agencies unless sovereign immunity is waived.  *See Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994).  When a plaintiff sues the United States or it agencies, he or she must identify a specific provision that waives the federal government's sovereign immunity.  *Clinton Cnty. Comm'rs. v. U.S. Env'l Prot. Agency*, 116 F.3d 1019, 1021 (3d Cir. 1997).

Plaintiff fails to cite any statutory waiver of sovereign immunity which would allow the Court to order the FBI to perform an investigation.  However, other courts have considered such complaints as requests for mandamus, *see Piskanin v. Doe*, 349 Fed. App'x. 689, 690-91 (3d Cir. 2009) (affirming construction of complaint requesting FBI to investigate alleged crimes as a request for writ of mandamus), or as a request for an injunction under the Administrative Procedures Act, *see Wightman-Cervantes v. Miller*, 750 F. Supp. 2d 76, 77, 80-81 (D.D.C. 2010) (construing *pro se* complaint for appointment of independent investigator as a claim under the APA and a request for writ of mandamus)).  So construed, those courts have dismissed the complaints as lacking merit.

### i.  The Court Lacks Authority to Issue a Writ of Mandamus to Compel the FBI to Perform an Investigation

To the extent this Court views the Complaint as one seeking relief in the nature of mandamus, pursuant to 28 U.S.C. § 1361, it should be dismissed because the FBI does not owe

Plaintiff a clear, nondiscretionary duty.   While district courts may issue writs of mandamus "to compel an officer or employee of the United States…to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, such writs are an "extraordinary remedy,"  *Will v. United States*, 389 U.S. 90, 95 (1967), which courts may issue only when the plaintiff is owed "a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (mandamus "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty"); *Harmon Cove Condo. Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) (same).

The FBI's decision whether to prosecute is discretionary, and the FBI does not owe Plaintiff any duty to investigate his claims.  *See Soobzokov v. Attorney General of the United States*, 515 Fed. App'x. 98, 100-101 (3d Cir. 2013) (court without jurisdiction to order plaintiff's request for mandamus relief to order the DOJ's investigation and prosecution of his father's murder because the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case" and because "an agency's decision not to prosecute or enforce…is a decision generally committed to an agency's absolution discretion."); *Piskanin v. Doe*, 349 Fed. App'x 689, 691 (3d Cir. 2009) (affirming District Court's decision to deny plaintiff's request to compel the FBI to investigate his claims, and holding that decision whether to investigate was within FBI's discretion and FBI owed plaintiff no duty to carry out such an investigation); *Berry v. FBI*, No. 1101949, 2011 WL 5599964, at *1 (Nov. 7, 2011 D.D.C. 2011 ) (writ of mandamus is not available to compel discretionary acts such as whether or not to prosecute); *Whittle v. Moschella*, 756 F. Supp. 589, 596-97 (D.D.C. 1991) (no basis to issue writ of mandamus to compel FBI or DoJ to investigate brother's death); *Kidwell v. FBI*, 813 F. Supp. 2d 21, 28 (D.D.C. 2011) (dismissing, *sua sponte*, plaintiff's

claim seeking an order compelling the FBI that to investigate); *Humes v. State of Delaware Court of Common Pleas, et al.*, No. 06-59, 2006 WL 2726626, at \*506 (D. Del. Sep. 25, 2006) (dismissing plaintiff's complaint seeking an order from the court mandating the FBI to investigate claims and plaintiff's claim that FBI's failure to investigate violated plaintiff's right to equal protection of the laws); *Gant v. FBI*, 992 F. Supp. 846, 848 (S.D.W.V. 1998) (dismissing plaintiff's complaint alleging, *inter alia*, violation of Equal Protection and requesting mandamus relief ordering FBI to investigate on grounds that decision to investigate is discretionary).

### ii. Plaintiff is Not Entitled to an Injunction under the APA and the FBI's Decision Not to Investigate is not Subject to Judicial Review

Though the Complaint does not reference the Administrative Procedure Act, 5 U.S.C. 701 *et seq.* ("APA"), Plaintiff's request for injunctive relief could be viewed as a request for judicial review of the agency's decision.  However, the decision of an agency to exercise its discretion not to undertake certain enforcement decisions is not subject to judicial review.  *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("this Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.")  (citations omitted).  The FBI's decision not to prosecute is the type of decision not subject to judicial review.  Indeed, a decision whether to investigate is explicitly "committed to agency discretion."  *Moses v. Kennedy*, 219 F. Supp. 762, 763 (D.D.C. 1963), (determining whether to prosecute is "clearly discretionary and decisions respecting such actions are committed to the Executive Branch of the Government, not to the courts."); *Tabman v. FBI*, 718 F. Supp. 2d 98, 104 (D.D.C. 2010) ("decision to initiate a criminal prosecution has long been considered a discretionary function") (citations omitted); *Soobzokov v. Attorney General of the United States*, 515 Fed. App'x. 98, 2013 WL 928691 (3d Cir.

2013) ("the executive branch 'has exclusive authority and absolute discretion to decide whether to prosecute a case'").

## II.  The Court Lacks Jurisdiction Over Plaintiff's Claims for Money Damages

The FBI, as an agency, of the United States enjoys sovereign immunity.  *Loefler v. Frank*, 486 U.S. 549, 554 (1988).  Absent a waiver, "sovereign immunity shields the Federal Government and its agencies from suit."  *Federal Deposit Insurance Corporation v. Meyer*, 510 US 471, 475 (1994); *Bethea v. Roizman*, No. 11-254, 2012 WL 2500592, at *26, (D.N.J. June 27, 2012) (federal agency entitled to sovereign immunity).  A waiver of sovereign immunity cannot be implied; it must be explicit.  *Irwin v. Dept. of Public Affairs*, 498 US 89, 95 (1990).  Here, there has been no waiver of sovereign immunity applicable to Plaintiff's claim for money damages from the FBI.  *See  Brown v. General Servs. Admin.,* 425 US 820, 826-27 (1976); *Federal Deposit Insurance Corporation v. Meyer*, 510 US at 485 ("a damages remedy against federal agencies would be inappropriate.")

The Plaintiff's Complaint, alleges constitutional and federal statutory violations, based on alleged civil rights violations.  Neither the constitution nor 42 USC § 1985 waives the Government's sovereign immunity in a suit for money damages.  *See Mierzwa v. United States*, 282 Fed. App'x. 973, 976-77 (3d Cir. 2008) (*citing United States v. Testan*, 424 U.S. 392, 400-02 (1976) (Congress has not waived the federal government's sovereign immunity from lawsuits seeking damages based on constitutional claims)); *Biase v. Kaplan*, 852 F. Supp. 268, 281-82 (D.N.J. 1994) ("Section 1985 contains no waiver, explicit or otherwise, of Federal sovereign immunity).  Hence, any claim the Plaintiff may be pleading under section 1985 or under the

constitution may not be prosecuted through this action as the court lacks subject matter jurisdiction.

Plaintiff's section 1983 claim must be dismissed because a federal agency is not a "person" subject to section 1983 liability.  *Hindes v. FDIC*, 137 F.3d 148, 158 (3rd Cir. 1988) ("federal agencies are not "persons" subject to section 1983 liability").  The case law is clear that the federal government is shielded from suit under Section 1983, which applies only to state action.  *See District of Columbia v. Carter*, 409 U.S. 418 at 424-25 (D.D.C. 1973) (Section 1983 does not apply to the actions of the federal government or its officers.).

Moreover, to the extent that Plaintiff's claims can be construed as raising a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), they cannot be maintained because a plaintiff may not use Bivens to pursue constitutional claims against the United States or its agencies.  *See Mierzwa v. United States*, 282 Fed. App'x. 973, 976-77 (3d Cir. 2008) ("Neither the United States nor its agencies have waived sovereign immunity for constitutional claims) (citing *United States v. Testan*, 424 U.S. 392, 400-02 (1976)).

## CONCLUSION

For the above stated reasons, the Court should grant Defendant's Motion to Dismiss in its entirety with prejudice.

PAUL J. FISHMAN
United States Attorney

By:   /s/ Karen D. Stringer
      KAREN D. STRINGER
      Assistant US Attorney

Dated: December 17, 2013

10