PAUL J. FISHMAN
United States Attorney
KAREN D. STRINGER
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel. (973) 645-2783
e-mail: Karen.Stringer@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOHEIL ZAERPOUR, | HON. ESTHER SALAS |
| *Plaintiff,* | *Civil Action No.* 13-6073 |
| v. | MOTION DATE: JANUARY 21, 2014 |
| FEDERAL BUREAU OF INVESTIGATION, | |
| *Defendant.* | |

### FEDERAL BUREAU OF INVESITIGATION'S REPLY BRIEF IN SUPPORT OF ITS
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

PAUL J. FISHMAN
UNITED STATES ATTORNEY
Attorney for Defendant

KAREN D. STRINGER
Assistant United States Attorney

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................2

   A. The Court Lacks Subject Matter Jurisdiction to Compel an Investigation...................2

   B. The Court Lacks Jurisdiction Over Plaintiff's Claims for Money Damages................3

CONCLUSION .....................................................................................................................4

## TABLE OF AUTHORITIES

Cases

*Biase v. Kaplan*,
   852 F. Supp. 268 (D.N.J. 1994) ................................................................................. 3

*Bivens v. Six Unknown Named Agents*,
   403 U.S. 388 (1971) ........................................................................................... …3

*City of Pittsburgh v. West Penn Power Co.*
   147 F.3d 256, 259 (3d Cir.1998)………………………………………………...1

*Clinton Cnty. Comm'rs. v. U.S. Env'l Prot. Agency*,
   116 F.3d 1019 (3d. Cir. 1997) ............................................................................... 2

*Fed. Deposit Ins. Co. v. Meyer*,
   510 U.S. 471 (1994) ............................................................................................... 2

*Mierzwa v. United States*,
   282 Fed. Appx. 973 (3d Cir. 2008) ........................................................................ 3

*Stapperfenne v. Nova Healthcare Administrators, Inc.*
   No. 05–4883, 2006 WL 1044456 (D.N.J. Apr. 17, 2006)………………………………………1

*United States v. Testan*,
   424 U.S. 392 (1976) ........................................................................................... 3, 4

Defendant Federal Bureau of Investigation ("Defendant" or "FBI"), by its attorney, Paul J. Fishman, United States Attorney for the District of New Jersey, respectfully submits this reply brief in further support of its motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## INTRODUCTION

Plaintiff's Opposition to Defendant's Motion to Dismiss fails to address, let alone refute, any of the arguments made in Defendant's Memorandum in Support of its Motion to Dismiss.  Instead, without any citation to legal authority, Plaintiff implores the Court to compel the FBI to investigate the alleged manipulation of the FOREX trading market.  As Plaintiff states "The only thing Plaintiff cares at this point is to arrest the people who have manipulated the global financial markets against Plaintiff to block his progress illegally by hacking into his communications."  [Dkt. 6 at 3].  Plaintiff then improperly attaches exhibits to his Opposition to Defendant's Motion to Dismiss regarding, in Plaintiff's own view, "the unique story of an individual who has been targeted in his personal life and more recently through his foreign exchange (forex) trading activity by a shadowy world power – the International Bankers – in order to prevent him from achieving this historic dream of World Peace and the ushering of this long awaited new era of world unity and reconciliation for all mankind."[2]  Plaintiff's exhibits include, the "Promise of World Peace" allegedly written by the Universal House of Justice, printouts of alleged trading activity, and alleged employment history

---

[1] Plaintiff's Memorandum in Opposition to the FBI's Motion to Dismiss on 21 January 2014 ("Opposition to Defendant's Motion to Dismiss") was untimely filed on January 10, 2014.

[2] The Court should not consider any facts that were not referenced in or attached to Plaintiff's Complaint. This includes additional facts contained in Plaintiff's Oppostiion to Defendant's Motion to Dismiss as well as the exhibits attached thereto.  *See Stapperfenne v. Nova Healthcare Administrators, Inc.*, No. 05–4883, 2006 WL 1044456 (D.N.J. Apr.17, 2006) (court refused to consider letters written by the Plaintiff that were attached to Plaintiffs' opposition papers); *see also City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir.1998) ("When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.").

records.  While Plaintiff believes that there has been manipulation of the trading markets, and though he attempts to the convince the Court of the same, nothing changes the fact that: (1) the Court does not have jurisdiction to compel the FBI to conduct an investigation; and (2) the Court does not have jurisdiction over any claim for money damages.


### ARGUMENT

### A.  The Court Lacks Subject Matter Jurisdiction to Compel  an Investigation

As argued in its Motion to Dismiss, Plaintiff's Complaint must be dismissed because plaintiff has no right to compel an investigation by the FBI.  A court does not have subject matter jurisdiction over a claim against the United States or its agencies unless sovereign immunity is waived.  *See Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994).  When a plaintiff sues the United States or it agencies, he or she must identify a specific provision that waives the federal government's sovereign immunity.  *Clinton Cnty. Comm'rs. v. U.S. Env'l Prot. Agency*, 116 F.3d 1019, 1021 (3d. Cir. 1997). Plaintiff's complaint and his Opposition to Defendant's Motion to Dismiss fail to cite any statutory waiver of sovereign immunity which would allow the Court to order the FBI to perform an investigation.

As further argued in Defendant's Motion to Dismiss, whether viewed as a writ of mandamus or as a request for injunctive relief under the Administrative Procedures Act ("APA"), courts routinely dismiss complaints seeking the relief that plaintif seeks here as lacking merit.  [Dkt. 5].  While Plaintiff states that the FBI's reasoning is not correct, Plaintiff fails to cite a single case in which a court has compelled the FBI to investigate an alleged crime. Indeed, Plaintiff does not even refute this argument.  Instead, Plaintiff alleges in conclusory fashion that "defendant has no legal authority to refuse a preliminary investigation since it affects

2

US citizens at large as finally acknowledged by the US attorney general himself last month."
[Dkt. 6 at 2].  This unsupported statement runs counter to black letter law cited in Defendant's
Motion to Dismiss – that the court lacks subject matter jurisdiction to compel an investigation.

### B.  The Court Lacks Jurisdiction Over Plaintiff's Claims for Money Damages

Plaintiff's Complaint alleges constitutional and federal statutory violations based on
alleged civil rights violations.   Plaintiff does not address these alleged violations in his
Opposition to Defendant's Motion to Dismiss.  Nevertheless, it is important to note, as argued in
Defendant's Motion to Dismiss, that neither the constitution nor 42 USC § 1985 waives the
Government's sovereign immunity in a suit for money damages.  *See Mierzwa v. United States*,
282 Fed. Appx. 973, 976-77 (3d Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 400-02
(1976) (Congress has not waived the federal government's sovereign immunity from lawsuits
seeking damages based on constitutional claims)); *Biase v. Kaplan*, 852 F. Supp. 268, 281-82
(D.N.J. 1994) ("Section 1985 contains no waiver, explicit or otherwise, of Federal sovereign
immunity).   Hence, any claim the Plaintiff may be pleading under section 1985 or under the
constitution may not be prosecuted through this action as the court lacks subject matter
jurisdiction.

Moreover, to the extent that Plaintiff's claims can be construed as raising a claim under
*Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), they
cannot be maintained because a plaintiff may not use Bivens to pursue constitutional claims
against the United States or its agencies.  *See Mierzwa v. United States*, 282 Fed. Appx. at 976-
77 (3d Cir. 2008) ("Neither the United States nor its agencies have waived sovereign

3

immunity for constitutional claims) (citing *United States v. Testan*, 424 U.S. 392, 400-02 (1976)).

## **CONCLUSION**

For the above stated reasons, the Court should grant Defendant's Motion to Dismiss in its entirety.

PAUL J. FISHMAN
United States Attorney

By:     /s/ Karen D. Stringer_____
KAREN D. STRINGER
Assistant US Attorney

Dated: January 14, 2014

4