**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOHEIL ZAERPOUR, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Civil Action No. 2:13-cv-06073 (ES)(JAD) <br><br> **REPORT AND RECOMMENDATION** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion (the "Motion to Dismiss") by defendant, Federal Bureau of Investigation ("Defendant" or "FBI") seeking to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] (ECF No. 5). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After having considered the parties' submissions, and for good cause shown; and

**WHEREAS** Plaintiff, who is proceeding *pro se*, filed a complaint on October 11, 2013 (the "Complaint"), alleging Defendant failed to take action after "receiving proof of a major crime, including illegal surveillance of the Plaintiff's online communications, illegal access to his FOREX transactions and manipulation of the global FOREX market." (Compl., ECF No. 1 at 1). More specifically, Plaintiff alleges that the FBI violated the Equal Protection Clause of the 14th

---

[1] The Court finds that it lacks subject matter jurisdiction and grants the Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and thus will not undergo a Fed. R. Civ. P. 12(b)(6) analysis.

Amendment of the Constitution and that the FBI conspired to interfere with his civil rights as prohibited by 42 U.S.C. § 1985. (Id. at 4, 6). Plaintiff seeks damages and an order from the Court directing the FBI to conduct an investigation; (Id. at 7); and

**WHEREAS** Defendant filed this Motion to Dismiss in lieu of an answer on December 17, 2013 arguing that Plaintiff's Complaint must be dismissed because: (1) Plaintiff has no constitutional right to compel an investigation, and (2) the Court lacks jurisdiction over Plaintiff's federal constitutional and federal statutory claims; (Def. Br., ECF No. 5-1 at 2); and

**WHEREAS** motions under Rule 12(b)(1) may be "facial" or "factual" challenges to the court's jurisdiction. In re Camden Police Cases, No. 11-1315, 2011 WL 3651318, at *2 (D.N.J. Aug. 18, 2011) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). In reviewing a facial challenge, the court must dismiss a plaintiff's claims if "the allegations on the face of the complaint, taken as true, [do not] allege facts sufficient to invoke [its] jurisdiction." Id. (quoting Licata v. U.S. Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994)). If the moving party makes a factual challenge to the court's jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations" and the court may consider and weigh evidence outside of the pleadings. Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002). When the moving party supports its motion with evidence, "the court should treat the . . . challenge as a factual attack on jurisdiction." Mortensen, 549 F.2d at 891. Plaintiff bears the burden of proving that subject matter jurisdiction exists. Horton v. United States, 144 Fed. Appx. 931, 932 (3d Cir. 2005); and

**WHEREAS** a court does not have subject matter jurisdiction over a claim against the United States or its agencies unless sovereign immunity is waived. See Fed. Deposit Ins. Co. v. Meyer, 510 U.S. 471, 475 (1994). When a plaintiff sues the United States or it agencies, he or she

2

must identify a specific provision that waives the federal government's sovereign immunity. Clinton Cnty. Comm'rs. v. U.S. Env'l Prot. Agency, 116 F.3d 1019, 1021 (3d Cir. 1997). A waiver of immunity must be "unequivocally expressed," United States v. Nordic Village, Inc., 503 U.S. 30, 33, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992) (quoting United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980)), and is "construed strictly in favor of the sovereign." Id. (quoting McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951)); and

**WHEREAS** sovereign immunity bars actions against the United States or an agency of the federal government unless the United States specifically waives its immunity and consents to be sued. See U.S. v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and the existence of consent is a prerequisite for jurisdiction."). The United States' consent to allow suit against it or its agencies must be expressly authorized by statute. See United States v. King, 395 U.S. 1, 4 (1969). In the absence of such a waiver of immunity, a plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484–87 (1994), or against any of federal officers in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (suit against government officer in his or her official capacity is suit against the government). See Laoye v. D.H.S., No. 11-1969, 2012 WL 664950, at *2 (D.N.J. Feb. 29, 2012).

**WHEREAS** Plaintiff does not cite, and the Court is not aware of, any authority to suggest that the United States waived its sovereign immunity as to the sort of claims for damages that Plaintiff seeks to assert against the FBI. See Laoye v. D.H.S., 2012 WL 664950 at *2; and

3

**WHEREAS** the FBI's decision whether to prosecute is discretionary, and the FBI does not owe Plaintiff any duty to investigate his claims. See Soobzokov v. Attorney General of the United States, 515 Fed. App'x. 98, 100-101 (3d Cir. 2013) (court without jurisdiction to order plaintiff's request for mandamus relief to order the DOJ's investigation and prosecution of his father's murder because the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case" and because "an agency's decision not to prosecute or enforce...is a decision generally committed to an agency's absolution discretion."); Piskanin v. Doe, 349 Fed. App'x 689, 691 (3d Cir. 2009) (affirming District Court's decision to deny plaintiff's request to compel the FBI to investigate his claims, and holding that decision whether to investigate was within FBI's discretion and FBI owed plaintiff no duty to carry out such an investigation); Berry v. FBI, No. 1101949, 2011 WL 5599964, at *1 (Nov. 7, 2011 D.D.C. 2011) (writ of mandamus is not available to compel discretionary acts such as whether or not to prosecute);[2] and

**WHEREAS** the prosecutorial discretion retained by the Attorney General and United States Attorneys to enforce the Nation's criminal laws is broad. See United States v. Armstrong, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). And it is well established "that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion. This recognition of the existence of discretion is attributable in no small part to the general unsuitability for judicial review of agency

---

[2] See also Stolt–Nielsen, S.A. v. United States, stating "The Supreme Court has observed that the executive branch 'has exclusive authority and absolute discretion to decide whether to prosecute a case.' " 442 F.3d 177, 183 (3d Cir.2006) (quoting *United States v. Nixon,* 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974)).

4

decisions to refuse enforcement." Heckler v. Chaney, 470 U.S. 821, 831, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985); and

**WHEREAS** Plaintiff's Complaint derives from the premise that the FBI was obligated to conduct the investigation he requested which is not a valid federal cause of action because Plaintiff has no right to compel an investigation by the FBI, nor does this Court have the authority to direct the FBI to investigate; and

**WHEREAS** based on the foregoing, the Court finds that dismissal of the Complaint is appropriate; and

On this 23rd day of July, 2014,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **dismissed with prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**SO ORDERED**

_____
JOSEPH A. DICKSON, U.S.M.J.

Cc: Hon. Esther Salas, U.S.D.J.